UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERSES TASHCHYAN, | ) 1:18-cv-01242-JLT (HC) |
| Petitioner, | ) ORDER GRANTING MOTION FOR STAY AND ABEYANCE |
| v. | ) |
| | ) [60-DAY DEADLINE] |
| J. LIZARRAGA, Warden, | ) |
| Respondent. | ) |

On September 13, 2018, Petitioner filed the instant petition for writ of habeas corpus challenging his 2014 conviction in Fresno County Superior Court for first degree murder with firearm enhancements. After conducting a preliminary review of the petition, it is apparent that the petition is unexhausted. Petitioner, however, requests a stay of the proceedings pending exhaustion in the state courts. As discussed below, the Court will grant a stay of proceedings.

**DISCUSSION**

I.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

II.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

Petitioner presents three claims in his petition and states that Claims Two and Three are unexhausted. He further states that he has filed a petition in the California Court of Appeal concurrently with this petition raising those two claims. Therefore, the petition is a mixed petition containing unexhausted claims and must be dismissed. 28 U.S.C. § 2254(b)(1). However, Petitioner has requested a stay of the mixed petition pending exhaustion of those two claims.

III.    Motion for Stay and Abeyance

A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.1997). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.

In this case, the Court finds good cause to grant the motion for stay. Petitioner states he doesn't speak English and suffers from mental illness. He states he has had difficulties finding

assistance.  In addition, it appears that Petitioner is acting with due diligence.  He has filed the instant petition in advance of the statute of limitations deadline, and he has filed a state habeas petition concurrently with this petition in order to exhaust Claims Two and Three.  Accordingly, the Court finds that Petitioner has shown good cause for a stay of the proceedings and will grant his motion for stay.

However, the Court will not indefinitely hold the petition in abeyance.  <u>Rhines</u>, 544 U.S. at 277.  Petitioner must diligently pursue his state court remedies.  He is directed to file a status report within 60 days of the date of service of this Order, and he must file a status report every 60 days thereafter advising the Court of the status of the state court proceedings.  Following final action by the state courts, Petitioner will be allowed 30 days to file a motion to lift the stay.  Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order, and dismissal of the unexhausted claims.  <u>Rhines</u>, 544 U.S. at 278.

**ORDER**

Accordingly, the Court **ORDERS**:

1) Petitioner's motion for stay is GRANTED; and

2) Petitioner is DIRECTED to file a status report within 60 days of the date of service of this Order, and then every 60 days thereafter.  Following final action by the California Supreme Court, Petitioner is DIRECTED to notify the Court by filing a motion to lift the stay within 30 days of the date of the California Supreme Court's decision.

IT IS SO ORDERED.

Dated: __**September 18, 2018**__       _____**/s/ Jennifer L. Thurston**_____
                                                                    UNITED STATES MAGISTRATE JUDGE