UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERSES TASHCHYAN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>J. LIZARRAGA,<br><br>　　　　Respondent. | No. 1:18-cv-01242-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 20) |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On June 20, 2019, the magistrate judge issued findings and recommendation recommending that the petition be denied with prejudice due to petitioner's failure to exhaust his claims by first presenting them to the state's highest court and failure to state a cognizable claim for federal habeas relief. (Doc. No. 20.) Those findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within twenty-one (21) days of the date of service of that order. To date, petitioner has not filed objections, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court holds the findings and recommendation to be supported by the record and proper analysis.

1

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Moreover, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued June 20, 2019 (Doc. No. 20) are adopted;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed with prejudice;
3. The Clerk of the Court is directed to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **November 7, 2019**

UNITED STATES DISTRICT JUDGE