UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERSES TASHCHYAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. LIZARRAGA,<br><br>　　　　Respondent. | No. 1:18-cv-01242-DAD-JLT (HC)<br><br>ORDER CONSTRUING PETITIONER'S MOTION TO SET ASIDE JUDGMENT AS A MOTION FOR RECONSIDERATION AND DENYING PETITIONER'S MOTION<br><br>(Doc. No. 23) |

This matter is before the court on petitioner's motion to set aside judgment, which the court will construe as a motion for reconsideration of the court's November 7, 2019 order denying his petition for writ of habeas corpus. (Doc. No. 23.) For the reasons discussed below, petitioner's motion will be denied.

**BACKGROUND**

Petitioner Nerses Tashchyan is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 20, 2019, the assigned magistrate judge issued findings and recommendations recommending that the petition be denied with prejudice due to petitioner's failure to exhaust his claims by first presenting them to the state's highest court and due to petitioner's failure to state a

1

1  cognizable claim for federal habeas relief.  (Doc. No. 20.)  On November 7, 2019, the
2  undersigned adopted those findings and recommendations in full, dismissed the petition for writ
3  of habeas corpus with prejudice, and directed the Clerk of the Court to close this case.  (Doc. No.
4  21.)  Judgment was entered in accordance with that order.  (Doc. No. 22.)

On December 6, 2019, petitioner filed a motion to set aside judgment, citing Rule 60 of the Federal Rules of Civil Procedure, in which petitioner appears to be requesting reconsideration of the court's order dismissing his petition.  (Doc. No. 23.)  Accordingly, the court will construe petitioner's motion as a motion for reconsideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control."  *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

1   F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

2   original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or

3   different facts or circumstances are claimed to exist which did not exist or were not shown"

4   previously, "what other grounds exist for the motion," and "why the facts or circumstances were

5   not shown" at the time the substance of the order which is objected to was considered.

## DISCUSSION

7   Petitioner moves for reconsideration of the court's November 7, 2019 order (Doc. No. 21)

8   dismissing his petition for a writ of federal habeas corpus with prejudice.  (Doc. No. 23.)

9   First, petitioner contends that the court was mistaken when it determined that he had failed

10  to exhaust his claims by first presenting them to the state's highest court, and he asserts that this is

11  the kind of oversight that Rule 60 is designed to correct.  (Doc. No. 23 at 1.)  Petitioner has

12  attached a copy of the "filed" stamped copy of his habeas application to the California Supreme

13  Court bearing case number S251968, which was filed with the Clerk of the California Supreme

14  Court on October 15, 2018.  (Doc. No. 23 at 1.)

15  Contrary to petitioner's assertion, the court's determination that petitioner had failed to

16  exhaust his claims by first presenting them to the state's highest court was not based on a mistake or

17  oversight by the court in not considering the fact that he filed a state habeas petition with the

18  California Supreme Court.  In fact, the findings and recommendations, which the court adopted in full

19  in its November 7, 2019 order, referenced petitioner's state habeas application.  (*See* Doc. No. 20

20  at 2) ("[Petitioner] filed another habeas petition in the California Supreme Court on October 15,

21  2018, and that petition was denied on March 13, 2019.").  However, despite filing his habeas

22  applications in the California Court of Appeal and the California Supreme Court, petitioner did not

23  properly present his claims because, as the California Court of Appeal explained in its order denying

24  petitioner's application without prejudice, "[he] failed to show that he exhausted his remedy of filing

25  a petition for writ of habeas corpus in the *superior court*."  (*See* Doc. No. 20 at 2 (emphasis added).)

26  Thus, the court finds that there was no error or mistake in the its order dismissing petitioner's habeas

27  petition on the grounds that he failed to exhaust his claims by first properly presenting them to the

28  state's highest court.

Second, and more importantly, without any supporting evidence or argument, petitioner asserts in conclusory fashion that the constitutional violations he asserted in his federal habeas petition are cognizable habeas claims and he should not have been denied habeas relief. (Doc. No. 23 at 1.) Petitioner had asserted three grounds for federal habeas relief in his petition filed with this court: (1) the trial court abused its discretion and violated petitioner's due process rights under the Fourteenth Amendment of the United States Constitution when it relieved counsel without just cause; (2) ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution; and (3) actual innocence of 1st degree murder due to dementia, lack of deliberation and thus factual innocence. (Doc. No. 23 at 5, 7, 8.)

While not entirely clear from petitioner's motion for reconsideration, to the extent petitioner believes that this court did not consider the merits of his federal habeas claim after determining that he had failed to exhaust his claims, petitioner is mistaken. Pursuant to 28 U.S.C. § 2254(b)(2), the court considered the merits of each of petitioner's asserted grounds and denied petitioner's application for federal habeas relief on the merits and with prejudice "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." (Doc. No. 20 at 9, 11.) Petitioner has not provided the court with any basis that would warrant reconsideration of its prior ruling.

## CONCLUSION

Because petitioner has not demonstrated that the court's prior order was erroneous in any respect, the court finds no basis to grant the requested relief. Petitioner's motion for reconsideration (Doc. No. 23) is therefore denied.

IT IS SO ORDERED.

Dated: __March 30, 2020__

UNITED STATES DISTRICT JUDGE

4